IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:19-cr-0476-08 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Donte Walker, | ORDER |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines**.** (Doc. 444). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 451). The Government has filed a Response in Opposition to the Motion. (Doc. 454).

## Background

The Defendant entered a plea of guilty to one Count of Conspiracy and seventeen Counts of Distribution of Fentanyl on November 7, 2019. (Doc. 213, Doc. 271). After various adjustments, his Offense Level was calculated to be 38. (Doc. 271, pgID 1978-9). His criminal history score was six, placing him in a Criminal History Category III. (*Id.* at 1986). The resulting Guideline Range was 292-365 months. (*Id.*). On July 12, 2021, I granted a downward variance and sentenced Defendant to 262 months. (Doc. 312, pgID 2270-71).

## Discussion

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. Under revised § 4A1.1(e), a person who otherwise presents seven or more criminal history points receives one additional "status" criminal history point, instead of two, while a person who otherwise presents six criminal history points or less, receives no status points.

Under the amended provision, as applied to Defendant, he would receive no additional "status" points, resulting in a total of four criminal history points. Even with the reduction in criminal history points from six to four, however, Defendant remains a Criminal History Category III. Since there is no change to his Category, there is no change to his Guideline Range.

In addition, Defendant, who received the benefit of downward variance, was sentenced to thirty months below the minimum of his Guideline Range.

Therefore, Defendant is not eligible for sentence reduction.

For the foregoing reasons, it is, accordingly, hereby

ORDERED THAT the Defendant's Motion to Reduce Sentence under Amendment 821 (Doc. 444) be, and the same hereby is, **DENIED.**

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge